UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| BELLSOUTH TELECOMMUNICATIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3: 08-07-DCR |
| V. | ) ) ) | |
| KENTUCKY PUBLIC SERVICE COMMISSION, et al., | ) ) ) | **JUDGMENT** |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** and **ADJUDGED** as follows:

1. Plaintiff BellSouth Telecommunications, Inc.'s request for declaratory and injunctive relief is **GRANTED**, in part, and **DENIED**, in part, in accordance with the Memorandum Opinion and Order entered this date. More specifically:

    A. The Commission's authority based on Kentucky statutory law to regulate the terms and rates of those network elements which were "delisted" by the FCC is preempted. All agreements that create an ongoing obligation pertaining to resale, number portability, dialing parity, access to rights-of-way, reciprocal compensation, interconnection, unbundled network elements, or collocation is an interconnection agreement that must be filed pursuant to section 252(a)(1). While the filing obligation will inevitably encompass some agreements regarding

network elements provided under § 271, such as mass market switching and shared transport, § 271 has no bearing on whether an agreement is considered an "interconnection agreement."

        B.    AT&T Kentucky must allow a competitive LEC to install their own network element connecting, attaching, or otherwise linking the network elements purchased from AT&T Kentucky. And while AT&T Kentucky is not obligated to sell § 271 loops, transport, and switching, it must, upon request, perform the functions necessary for a competitive LEC to connect, attach, or otherwise link § 251 elements with wholesale services.

        C.    AT&T Kentucky must grant competitors the ability to engage in line splitting arrangements with another competitive LEC using a splitter collocated, or stored, at the incumbent LEC's central office. However, AT&T Kentucky has no obligation to provide a splitter to a competitive LEC. If AT&T Kentucky chooses to provide a splitter to a competitive LEC, AT&T Kentucky may maintain control over its splitter.

        D.    AT&T Kentucky is obligated to unbundle DS1/DS3 loops consistent with 47 C.F.R. § 51.319(a)(4) and (5), regardless of the loop medium employed. However, if the DS1/DS3 loop is made of fiber optic cable and the end user's customer premise has not previously been served by any loop facility, AT&T Kentucky is not obligated to unbundle. AT&T Kentucky is not required to provide access to hybrid loops for broadband services but is required to provide access to the features, functions, and capabilities of their hybrid loops.

    2.    Defendant Kentucky Public Service Commission's Orders, Case No. 2004-00427, dated December 12, 2007, and January 18, 2008, are declared unlawful and preempted by federal law, in part, in accordance with the Memorandum Opinion and Order entered this date.

3.	All Defendants and other parties acting in concert with them are **ENJOINED** from seeking to enforce the unlawful decisions against Plaintiff BellSouth Telecommunications, Inc., in accordance with the Memorandum Opinion and Order entered this date.

4.	This matter is **STRICKEN** from the Court's docket and **REMANDED** to Defendant Kentucky Public Service Commission to vacate the relevant aspects of its opinion and for further proceedings consistent with the Memorandum Opinion and Order entered this date.

5.	This is a **FINAL** and **APPEALABLE** Judgment and there is no just cause for delay.

This 22nd day of February, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge